This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-39273**

**ROBERT VASQUEZ,**

Plaintiff-Appellant,

v.

**NEW MEXICO SECRETARY OF CORRECTIONS; GEO GROUP, INC.; WARDEN MARK BOWEN; CAPTAIN JAMES BEATTY; SERGEANT LAWRENCE; and CADET JOSEPH VIGIL,**

Defendants-Appellees.

and

**CENTURION CORRECTIONAL HEALTHCARE OF NEW MEXICO,**

Defendant.

**APPEAL FROM THE DISTRICT COURT OF UNION COUNTY**
**Melissa A. Kennelly, District Judge**

Robert Vasquez
Santa Fe, NM

Pro Se Appellant

YLAW, P.C.
April D. White
Albuquerque, NM

for Appellees Geo Group, Inc., Warden Mark Bowen; Captain James Beatty; Sergeant Lawrence, and Cadet Joseph Vigil

**MEMORANDUM OPINION**

**BOGARDUS, Judge.**

**{1}** Plaintiff, an inmate at the Northeast New Mexico Detention Facility, appeals a summary judgment dismissing his claims against Defendants for lack of jurisdiction based upon his failure to exhaust his administrative remedies prior to initiating this litigation. [1 RP 223-24] There is no dispute that Plaintiff did pursue an emergency medical grievance to completion prior to filing this suit, and the only issue presented by this appeal is whether the claims asserted in that grievance are the same claims raised in this litigation. [Id.] This Court proposed to affirm the district court's determination that Plaintiff used the prison grievance procedure to assert claims of medical negligence against the prison's medical providers, but did not assert any claims against the prison management for negligence until his department-level appeal from the denial of that medical grievance. [CN 7] Plaintiff has filed a memorandum in opposition to that proposed disposition in which he continues to argue that he exhausted his administrative remedies by asserting his present claims as part of his administrative appeal. [MIO 7] Having duly considered that memorandum, we are unpersuaded and affirm.

**{2}** We pause to reiterate that because the sole issue in this appeal is the question of whether Plaintiff's grievance asserted claims of negligence leading to unsafe living conditions and an insufficient response to an attack, there is no assertion that Plaintiff's grievance was procedurally deficient. As pointed out in our notice of proposed summary disposition, "Plaintiff's failure to assert any of his current claims against Defendants in his emergency medical grievance amounted to a substantive—and not merely procedural—defect." [CN 5] Thus, Plaintiff's citations to federal cases involving procedural defects in pursuit of an administrative remedy are generally inapplicable. The issue in this case does not involve a procedural defect. Similarly, there is no issue in this case regarding whether prison officials properly informed Plaintiff of the grievance policies and procedures because there is no dispute that Plaintiff actually did pursue a timely and proper administrative grievance to completion. There is nothing to suggest that Plaintiff's familiarity or unfamiliarity with policies or procedures was at issue.

**{3}** Instead, it appears Plaintiff successfully filed and pursued a timely grievance asserting that following an attack in which he was stabbed, medical staff at the facility failed to treat his injuries as life threatening, did not call an ambulance, and let him wait forty-five minutes before taking him to a hospital in a transport van. [1 RP 208] The mere fact that Plaintiff's medical grievance recited that these events occurred following a stabbing did not, however, amount to an assertion of any potential claims based upon negligence that may have led to his being assaulted and stabbed. [CN 6]

**{4}** Once the investigation of Plaintiff's medical grievance was complete, and his requested relief was denied, Plaintiff pursued a department-level appeal. [1 RP 212] In that appeal, Plaintiff asserted new facts and, for the first time, suggested that negligence by non-medical prison officials contributed to his being stabbed and led to an insufficient response to that attack. [Id.] That appeal proceeded to the final issuance of a decision from the director of adult prisons affirming the decision of the grievance

officer. [1 RP 213] Plaintiff's memorandum opposing summary affirmance now asserts that his current claims were adjudicated on the merits in the administrative appeal because the director recited that Plaintiff "state[d] that staff didn't find [him] injured until many hours later." [MIO 4, 6] In support of this assertion, Plaintiff directs our attention to federal authorities suggesting that where a claim has been fully examined on the merits and ruled upon within an internal grievance procedure, exhaustion requirements have been met, regardless of the process leading to that ruling. [MIO 4-5]

**{5}**     Nonetheless, just as the recitation that he had been stabbed did not convert his medical grievance into a grievance alleging negligence against non-medical prison officials and staff, the director's recitation of a single fact asserted in Plaintiff's appeal did not amount to a ruling on the merits of the claims he seeks to assert in this litigation. Indeed, the director's response explicitly recited that the relief Plaintiff sought in administrative appeal was "proper medical treatment and financial compensation." [1 RP 213] That was the relief denied in his medical grievance, and that denial is what was affirmed in his department-level appeal. [Id.] Despite the recitation of a single fact asserted in that administrative appeal, the final resolution of that administrative process did not include any findings related to Plaintiff's current claims, did not rule upon any of those claims, and did not otherwise address claims involving staffing levels at the prison, monitoring of the living area, the regularity of inspections, or the sufficiency of Defendants' response to the assault on Plaintiff. [1 RP 17, 213] In sum, Plaintiff's claims involving unsafe living conditions were not examined and ruled upon in connection with his medical grievance or his administrative appeal. [Id.]

**{6}**     Because Plaintiff did not assert the claims that form the basis of this lawsuit in his emergency medical grievance, he did not exhaust his administrative remedies prior to initiating this litigation. Accordingly, we affirm the summary judgment entered by the district court.

**{7}**     **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**SHAMMARA H. HENDERSON, Judge**